## BIGHAM *v.* MATTHEWS.

No. 7921. JANUARY 16, 1931.

*W. A. Covington,* for plaintiff in error.
*Augustine Sams* and *C. H. Feagan,* contra.

HILL, J.   C. A. Matthews brought an equitable petition against E. W. Bigham, alleging that petitioner had entered into a written contract with Bigham for the sale to Bigham of described Atlanta real estate, then owned by Matthews; that Bigham failed and refused to complete the contract and carry out its terms; that Bigham had caused the contract to be recorded in the records of deeds of Fulton County; that, notwithstanding his failure to carry out the terms of the contract and pay Matthews for the land, Bigham refused to surrender and cancel of record the written contract; and that Matthews had at all times offered to carry out the contract, and was still able and willing to do so at the time of filing

his petition. Bigham filed his answer and cross-petition, denying that he had failed and refused to carry out his agreement under the terms of the written contract, and alleging that he had continuously offered to do so and had asked Matthews to close up the matter, which Matthews had avoided doing; that Matthews had collected the rents of the property which he contracted to sell Bigham, for a long period after the date agreed on in the contract of sale; and that at the time of the filing of his petition Matthews owed Bigham for the rents collected during the refusal of Matthews to close the trade under the terms of the contract, amounting to a large sum, and Matthews refused to account to Bigham for such rents. Bigham prayed for decree that he have an accounting with Matthews; that he be allowed credit on the purchase-price of the land for the rents collected; and for decree compelling Matthews to carry out his contract to convey the land to Bigham upon his carrying out his obligations under the contract. On the trial the judge directed a verdict in favor of the plaintiff. A motion for new trial was overruled, and the defendant excepted.

The motion for new trial contains, among other grounds, the following:

(4) "Because, before the plaintiff had rested in the trial of the case, and before defendant (the movant herein) had introduced any evidence to the jury, but after the plaintiff (the respondent herein) had introduced the original contract between the parties to the suit on trial, which contract contained the following clause: 'Rents, insurance, and interest to be prorated as per date of the final consummation of this contract,' and after the plaintiff had introduced an escrow agreement between E. W. Bigham, C. A. Matthews, and Samuel H. Sibley, which contained the following provision: 'All said papers to be held pending the financing of a loan on the Atlanta property to carry out a contract between E. W. Bigham and C. A. Matthews, and dated May 7, 1928, and until Feby. 15, 1929, unless sooner the funds shall be forthcoming to carry out the provisions of the contract and make proper delivery of said papers. If at that date the funds are not in sight, but there is a reasonable probability of their being presently secured, a reasonable extension of time, not to exceed thirty days, will be made by the parties hereto,' and after the plaintiff (the respondent herein) had stated in open court, while on the stand as a witness

in his own behalf, the following statement: 'If Mr. Bigham will close this transaction with me now, I could and would close this transaction with him. I am ready to close it this minute, according to the terms of the contract,' the presiding judge announced the following ruling: 'Mr. Matthews must pay all interest in the loans up to today. Mr. Matthews must pay all taxes that have accrued on the property up to today, which he says he has done. Mr. Bigham is to pay the full amount that he has agreed to pay for the place, and to pay all taxes that accrue in the future, and get rents on it only as they accrue. He can't get one dollar of rents accruing on that property during the year and a half that it ought to have been closed up. Mr. Matthews keeps all the rents that he has collected on the property up to today.' Movant shows that this ruling was error, for the reason that it was untimely, as it was made in the face of the answer of the defendant (this movant) which was a part of the pleadings in the case, in which answer it was set up that the delay in the consummation of the contract was not due to the defendant in the case on trial, but to the acts of the plaintiff therein, and that therefore the rents collected by the plaintiff should be accounted for and paid over to the defendant (this movant). The ruling excluded all evidence as to this question, and deprived this movant of his rights to be heard on the vital question at issue between him and the plaintiff in the case on trial."

(5) "Because, before the plaintiff in the case (the respondent herein) had rested his case, and before the defendant (the movant herein) had had an opportunity to produce evidence to the jury in support of his contention, and immediately after the ruling quoted in ground . . immediately above, the presiding judge asked movant's counsel if movant was ready to pay then and there to the plaintiff the sums of money he had promised to pay under the terms of the contract, and when movant's counsel had answered that movant could not comply with that requirement, as he did not have the money then and there to make such payment, the presiding judge said: 'Very well, prepare a verdict, "We, the jury, find in favor of the plaintiff, and that the contract between the plaintiff and the defendant referred to in plaintiff's petition and the defendant's answer be and the same is hereby canceled, and that the cancellation of it be entered on the records of the court, and

canceled on the records of deeds." There is no need to take up the time of the courts when·a man is asking for specific performance and is not able to perform himself,' and the presiding judge did then and there direct a verdict to be drawn and the jury to sign it in substantially the words just herein set forth. This was error for the reason that the action of the judge in taking the case in hand and directing a verdict took away from the jury the only disputed issue in the case—that is, which one of the litigants was responsible for the delay in closing the contract. After having heard the plaintiff at length say that he was not to blame, and that movant was wholly to blame, the direction of a verdict before movant had had an opportunity to be heard in his own behalf was error. Movant had pleaded in his answer that the plaintiff was responsible for the delay, and that therefore the rents he had collected while the matter hung fire should be accounted for the movant; and the direction of a verdict wholly ignored this contention of movant."

Under the pleadings and evidence in the case we do not see how any verdict could have been rendered other than· the one directed by the court. The evidence discloses that the defendant had not paid the initial payment provided for in the written contract; the money was never paid or tendered, before or after the filing of the present suit. Neither did the answer aver any effort to pay the amount. It did state that the defendant, Bigham, was ready and willing to carry out the terms of the contract, and prayed for specific performance of the contract. On the trial the plaintiff testified that he was ready and willing to comply with his part of the agreement if the defendant would comply with his. On being asked whether he was ready to comply with his part of the contract, the defendant stated that he could not comply. Whereupon the court directed a verdict for the plaintiff, and entered a decree accordingly. In these circumstances we do not see that· there was any issue for the jury to pass upon. · There was an effort to comply on the part of the plaintiff, and a refusal to comply on the part of the defendant. The court did not err, for any reason assigned, in directing the verdict and in entering the decree complained of. Civil Code (1910), § 5926.

*Judgment affirmed. All the Justices concur.*